***********
Based upon a review of the record and the briefs filed by the parties, the Full Commission agrees with Commissioner Ballance that on March 27, 2004, plaintiff filed an affidavit in the matter, alleging that the urinary treatment provided by the medical staff of defendant constituted medical malpractice; that on July 4, 2004, a telephonic hearing was conducted where plaintiff was granted 60 days, up to and including September 7, 2004, to submit to the Industrial Commission an affidavit from a medical provider, who was reasonably expected to qualify as an expert witness, certifying that he had reviewed plaintiff's medical records and was willing to testify that the treatment provided to plaintiff did not comply with the applicable standard of care; that plaintiff was instructed that if he failed to submit the necessary affidavit, his claim for medical malpractice would be dismissed; and that plaintiff did not submit the required affidavit from a qualified medical expert by September 7, 2004 and has not ever provided such affidavit.
Plaintiff has failed to provide the Commission with an affidavit from a qualified medical expert, which states the care provided plaintiff does not comply with the applicable standard of care, pursuant to N.C. Gen. Stat. § 90-21.12. As such, plaintiff has failed to demonstrate that he possesses sufficient evidence to prosecute his claim against defendant. Rule 9(j) and Rule 12(b)(6), North Carolina Rules of Civil Procedure; N.C. Gen. Stat. § 143-291 et seq.
Accordingly, the undersigned affirm the September 14, 2004 Order dismissing plaintiff's claim.
This the 11th day of May, 2005.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER